UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

N° 13-CV-3212 (JFB) (AKT)

WAGNER GUERRERO MERCEDES,

Plaintiff,

VERSUS

AVA PORK PRODUCTS, INC.,

Defendant.

**MEMORANDUM AND ORDER**
April 8, 2014

JOSEPH F. BIANCO, District Judge:

Wagner Guerrero Mercedes ("Mercedes" or "plaintiff"), proceeding *pro se*, commenced this action on May 31, 2013, against his employer, AVA Pork Products, Inc. ("AVA" or "defendant"), alleging that defendant subjected him to racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII").

Defendant moves to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the following grounds: (1) plaintiff's claim is untimely; and (2) the complaint fails to state a plausible Title VII claim. For the reasons discussed below, defendant's motion to dismiss is granted. Specifically, plaintiff's claim is untimely because plaintiff failed to commence this action within ninety days of receiving a Notice of Right to Sue ("right-to-sue letter") from the Equal Employment Opportunity Commission ("EEOC"). Moreover, even assuming *arguendo* that plaintiff's complaint was timely, the Court concludes that the complaint fails to state a plausible Title VII claim because it is wholly devoid of any allegation suggesting that plaintiff was subject to discrimination. Thus, the complaint must be dismissed under Rule 12(b)(6).

I. BACKGROUND

A. Facts

The following facts are taken from the complaint,[1] and are not findings of fact by the

---

[1] The complaint plaintiff filed on May 31, 2013 was written in Spanish. (*See* Compl., ECF No. 1.) By letter dated June 7, 2013, the Clerk of the Court instructed plaintiff to "rewrite the section entitled 'facts of your case' (pp. 4–5) in English." (ECF No. 4.) On June 27, 2013, plaintiff responded by submitting a written narrative of his allegations in English. (*See* ECF No.

1

Court. Instead, the Court will assume the facts in the complaint to be true and, for purposes of the pending motion to dismiss, will construe them in a light most favorable to plaintiff, the non-moving party.

Plaintiff began working for AVA on October 20, 2008. (Pl.'s Resubmission of Facts in English, ECF No. 6.) He signed a contract to work in AVA's meat department, according to which he earned a starting salary of eight dollars per hour, with a twenty-five cent per hour increase every three months. (*Id.*) Plaintiff received the salary increase during his first year at AVA, but then the increases stopped. (*Id.*) After a few months without a salary increase, plaintiff complained to AVA, who told him that his contract had expired. (*Id.*) At that point, plaintiff was working more than sixty hours per week. (*Id.*)

On January 4, 2012, AVA attempted to force all its employees to sign a document stating that they worked only fifty hours per week. (*Id.*) Plaintiff did not sign the document, but many of his coworkers did. (*Id.*)

Sometime in March 2012, plaintiff's union provided him with a "contract ratification sheet" stating that he would receive four checks between May 1, 2012, and January 1, 2013, "as progressive incentive for a total amount of [$]2,300.00." (*Id.*) In addition, plaintiff was to receive a salary increase of fifty cents per hour on the anniversary of his start date, plus an additional seventy-five cents per hour for all overtime work. (*Id.*) However, plaintiff did not sign the agreement because he thought he and his coworkers "deserve better." (*Id.*)

B. Procedural History

Plaintiff filed a charge of discrimination on June 21, 2010 (Compl. ¶ 9),[2] and the EEOC issued to plaintiff a right-to-sue letter on February 6, 2013 (Compl. Ex 1).[3] Plaintiff alleges that he received the right-to-sue letter on February 20, 2013. (Compl. ¶ 12.)

Plaintiff filed the complaint in this action on May 31, 2013. Accompanying plaintiff's complaint was an application to proceed *in forma pauperis*, which the Court granted on July 9, 2013. Defendant filed a motion to dismiss on October 11, 2013. Plaintiff filed his opposition to the motion to dismiss on November 4, 2013. Defendant filed a reply to plaintiff's opposition on November 15, 2013. The Court has fully considered the submissions of the parties.

II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief

---

6.) The Court relies on plaintiff's English allegations in considering the instant motion.

[2] Plaintiff's complaint does not specify whether he filed a charge of discrimination with the New York State Division of Human Rights or the New York City Commission on Human Rights. (*See* Compl. ¶ 9.)

[3] Plaintiff attached the right-to-sue letter to the complaint. Thus, the Court may consider this exhibit in adjudicating defendant's motion to dismiss. *See,*

*e.g., In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356–57 (S.D.N.Y. 2003) (explaining that, in adjudicating a motion to dismiss under Rule 12(b)(6), the Court may consider, *inter alia*, "documents attached to [the complaint] or incorporated in it by reference"), *aff'd in part and rev'd in part on other grounds sub nom. Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005).

above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth two important considerations for courts deciding a motion to dismiss. 556 U.S. 662 (2009). The Court instructed district courts first to "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Where, as here, the plaintiff is proceeding *pro se*, "[c]ourts are obliged to construe the pleading of a *pro se* plaintiff liberally." *McClusky v. N.Y. State Unified Court Sys.*, No. 10-CV-2144 (JFB)(ETB), 2010 WL 2558624, at *2 (E.D.N.Y. June 17, 2010) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). A *pro se* plaintiff's complaint, while liberally interpreted, still must "'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint).

The Court notes that in adjudicating a Rule 12(b)(6) motion, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d at 356–57 (internal citations omitted); *see Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("[T]he district court ... could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim."); *Brodeur v. City of New York*, No. 04-CV-1859 (JG), 2005 WL 1139908, at *3 (E.D.N.Y. May 13, 2005) (court can consider documents within the public domain on a Rule 12(b)(6) motion to dismiss).

III. DISCUSSION

A. Plaintiff's Complaint is Time-Barred

Defendant argues that plaintiff's Title VII claim should be dismissed due to plaintiff's failure to commence this action within ninety days of receipt of the EEOC right-to-sue letter. The Court agrees.

Plaintiff clearly filed this action after the time period allotted by statute. "To maintain a timely action under 42 U.S.C. § 2000e-5, a plaintiff must comply with three

3

requirements: (1) file a timely charge with the EEOC, (2) receive an EEOC right-to-sue letter, and (3) file an action within 90 days of receipt of that letter." *Collier v. Boymelgreen Developers*, No. 06-CV-5425 (SJ), 2007 WL 1452915, at *2 (E.D.N.Y. May 17, 2007) (citing *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996)); *see also Vincent v. Wal-Mart Store 3420*, No. 10-CV-5536 (JFB)(AKT), 2012 WL 3800833, at *5 (E.D.N.Y. Sept. 4, 2012). These statutory filing periods are "analogous to . . . statute[s] of limitations," *Van Zant*, 80 F.3d at 712, and, as such, "a failure to timely file a charge acts as a bar to a plaintiff's action," *Butts v. N.Y.C. Dep't of Hous. Pres. & Dev.*, No. 00-CV-6307 (KMK), 2007 WL 259937, at *6 (S.D.N.Y. Jan. 29, 2007) (citing *Hill v. Citibank Corp.*, 312 F. Supp. 2d 464, 472 (S.D.N.Y. 2004)), *aff'd sub nom. Butts v. NYC Dep't of Hous. Pres. & Dev.*, 307 F. App'x 596 (2d Cir. 2009); *see also McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 213–14 (2d Cir. 2006). The period begins to run for each discrete discriminatory or retaliatory act when each act occurs. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002); *Hill*, 312 F. Supp. 2d at 472–73; *Vincent*, 2012 WL 3800833, at *5.

Here, plaintiff's complaint demonstrates that plaintiff has failed to meet the third requirement to maintain a timely Title VII action; he has not commenced this action within ninety days of his receipt of the right-to-sue letter. Plaintiff's complaint alleges that he received a right-to-sue letter from the EEOC on February 20, 2013 (Compl. ¶ 12), and he attached the letter, which is dated February 6, 2013, to his complaint (Compl. Ex. 1). The EEOC's notice clearly warned plaintiff that he had ninety days to commence a lawsuit in federal court in the following, unambiguous language: "Your lawsuit **must be filed within 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." (*Id.* (emphasis in original).) However, plaintiff did not commence this action until May 31, 2013, which is one hundred days after February 20, 2013—the date he alleges to have received the right-to-sue letter. Accordingly, plaintiff's complaint was not timely filed.

"A district court may not extend this 90-day limitations period 'by even one day' unless a 'recognized equitable consideration' justifies such an extension." *Jones v. N.Y.C. Dep't of Hous., Pres. & Dev.*, No. 01-CV-10619 (AKH), 2002 WL 1339099, at *2 (S.D.N.Y. June 18, 2002) (quoting *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984)); *see also Pratt v. Stop & Shop Supermarket Co., LLC*, No. 09-CV-5417 (JFB)(ETB), 2011 WL 579152, at *3 (E.D.N.Y. Feb. 9, 2011). It is well-settled that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but "a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Accordingly, courts have excused the failure to timely file an employment discrimination complaint in court where a plaintiff has received inadequate notice of his or her obligations or has been misled by affirmative misconduct of the defendant. *See, e.g., Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984). In addition, the statutory time period for filing a federal lawsuit has been tolled during the pendency of an application for the appointment of *pro bono* counsel, *id.* (citing *Harris v. Walgreen's Distrib. Ctr.*, 456 F.2d 588 (6th Cir. 1972)), or "where the court has led the plaintiff to believe that she had done everything required of her," *id.* (citing *Carlile v. S. Routt Sch. Dist. RE 3-J*, 652 F.2d 981 (10th Cir. 1981)); *see also South v. Saab Cars USA, Inc.*, 28 F.3d 9, 11–12 (2d Cir. 1994) (the established equitable grounds warranting equitable tolling of the ninety-day limitations period for filing federal

employment discrimination claims include circumstances: (1) "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period," (2) "where the claimant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," (3) "where the court has led the plaintiff to believe that she had done all that was required of her," (4) "where affirmative misconduct on the part of the defendant may have lulled plaintiff into inaction," (5) "where the claimant has received inadequate notice," and (6) "where a motion for appointment of counsel is pending.").

None of these circumstances are present in the instant case. Plaintiff has neither alleged any of these circumstances in his complaint, nor has he raised them in his opposition to the instant motion. *See Richards v. N. Shore Long Island*, No. 10-CV-4544, 2011 WL 6102055, at *4 (E.D.N.Y. Dec. 6, 2011) ("Where a plaintiff fails to raise appropriate equitable considerations, the ninety day period should not be tolled and plaintiff's action should be dismissed."). To the extent that plaintiff argues for equitable tolling on the basis that his delay in filing was only ten days beyond the limitations period, this Court has previously noted that "the standard is not whether the delay is *de minimus*, but rather whether plaintiff acted with reasonable diligence and [has] proven that his circumstances were so extraordinary that equitable tolling should apply." *O'Leary v. Town of Huntington*, No. 11-CV-3754 (JFB)(GRB), 2012 WL 3842567, at *6 (E.D.N.Y. Sept. 5, 2012). As the Supreme Court has explained, "[f]iling deadlines, like statute of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced." *United States v. Locke*, 471 U.S. 84, 101 (1985); *see Carey v. Int'l Bhd. of Elec. Workers Local 363 Pension Plan*, 201 F.3d 44, 48 (2d Cir. 1999) ("[S]tatutes of limitations are not to be disregarded by courts out of a vague sympathy for particular litigants. Indeed, strict adherence to limitation periods is the best guarantee of evenhanded administration of the law." (internal quotation marks and citations omitted)); *accord Lookingbill v. Cockrell*, 293 F.3d 256, 264–65 (5th Cir. 2002) (rejecting argument that equitable tolling should apply because petitioner missed deadline by only four days); *Maes v. Chavez*, No. 12-CV-1634-KJM-DAD P, 2013 WL 930604, at *5 (E.D. Cal. Mar. 8, 2013) ("[T]he fact that petitioner's pending federal habeas petition was presented for mailing a mere five days after the one-year statute of limitations had expired, does not by itself provide grounds for equitable tolling.") (collecting cases).

Accordingly, the Court concludes that the plaintiff's complaint is untimely, and there is no basis to apply equitable tolling. Given that plaintiff's complaint was inexcusably filed ten days beyond the statutory period, it is time-barred and is thus dismissed.

B. Plaintiff's Claims Fail on the Merits

The Court also concludes that, even assuming *arguendo* that plaintiff's claim is timely, it is not plausible and, thus, cannot survive a motion to dismiss.

Title VII prohibits employers from discriminating against an individual on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). "To establish a prima facie case of employment discrimination under Title VII, a plaintiff must show that '(1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse

5

action took place under circumstances giving rise to an inference of discrimination.'" *Chang v. N.Y.C. Dep't for the Aging*, No. 11 CIV. 7062 (PAC)(JLC), 2012 WL 1188427, at *4 (S.D.N.Y. Apr. 10, 2012) (quoting *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 492 (2d Cir. 2010)), *report & recommendation adopted*, 2012 WL 2156800 (S.D.N.Y. June 14, 2012). Even after *Twombly* and *Iqbal*, "a complaint alleging workplace discrimination need not allege specific facts establishing a prima facie case of discrimination." *Thompson v. ABVI Goodwill Servs.*, 531 F. App'x 160, 161 (2d Cir. 2013) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002)); *see also Pedrosa v. City of New York*, 13-CV-01890 (LGS), 2014 WL 99997, at *4 (S.D.N.Y. Jan. 9, 2014) (explaining that courts in this circuit continue to follow *Swierkiewicz*'s holding that a plaintiff need not allege specific facts establishing *prima facie* case of employment discrimination to survive a motion to dismiss). However, "the pleading must 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Thompson v. N.Y. State Office of Mental Retardation & Developmental Disabilities*, No. 13-CV-91 (DNH/DEP), 2014 WL 202656, at *3 (N.D.N.Y. Jan. 16, 2014) (quoting *Swierkiewicz*, 534 U.S. at 512–15).

Here, although plaintiff checked off the box on the complaint form for racial discrimination under Title VII, the complaint is "completely devoid of any allegations whatsoever that plaintiff was subject to unlawful discrimination." *Pratt*, 2011 WL 579152, at *5. Instead, plaintiff's complaint and opposition memorandum to defendant's motion to dismiss indicate that plaintiff's grievance concerns the number of hours he has worked and his compensation, not discrimination. This alleged conduct, "without any allegations that could provide a plausible claim for discrimination," is not cognizable under Title VII or any other antidiscrimination statute. *Id.* Thus, the complaint must be dismissed for failure to state a claim upon which relief can be granted.

IV. LEAVE TO RE-PLEAD

Although plaintiff has not requested leave to re-plead his complaint, the Court has considered whether plaintiff should be given an opportunity to re-plead his Title VII claim. Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, even under this liberal standard, this Court finds that any attempt to amend the pleading in this case would be futile. As discussed in detail *supra*, it is clear from the complaint that plaintiff does not have any possibility of asserting a plausible Title VII claim because his complaint is time-barred. Where any amendment to the complaint would clearly be futile, dismissal without leave to re-plead is appropriate. *See, e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.").

## V. Conclusion

For the reasons stated above, the defendant's motion to dismiss the complaint is granted. Plaintiff's complaint is time-barred and fails to state a claim upon which relief can be granted.[4] Accordingly, the complaint is dismissed with prejudice. The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

JOSEPH F. BIANCO
United States District Judge

Dated: April 8, 2014
    Central Islip, NY

\* \* \*

Plaintiff proceeds *pro se*. Defendant is represented by Joseph Sileo, McNees Wallace & Nurick LLC, 125 N. Washington Avenue, Suite 220, Scranton, PA 18503.

---

[4] As noted *supra*, plaintiff's complaint and opposition to defendant's motion appear to contain allegations concerning a dispute between plaintiff, his employer, and his union regarding his pay. The Court's dismissal pertains only to plaintiff's discrimination claim, and not to any future claim he may bring in this Court or any other forum regarding any wage issues.